

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. 1075
Re: Interpretation of extension of delinquent tax contract

We are in receipt of your letter of June 28, 1939, together with certain exhibits attached thereto, including a delinquent tax contract made between Mills County and F. B. Gilliam, Jr., dated May 17, 1937, and ending on December 31, 1938, with six months thereafter in which to complete pending suits, and also including a photostat of an extension agreement between Mills County and E. B. Gilliam, Jr. continuing said delinquent tax contract in force and effect until July 30, 1939. You request our opinion as to whether or not the six months period for the completion of pending suits was also extended by this agreement, that is, whether Mr. Gilliam shall have six months following July 30, 1939, within which to complete and prosecute to final judgment suits filed prior to that date.

The extension agreement recites, among other things, that E. B. Gilliam, Jr. "was bound and obligated to collect or institute suit on all delinquent taxes by December 31, 1938, the expiration date of the said contract. . . and that the best interest of the State of Texas and Mills County can be served by allowing more time within which to file such suits for delinquent taxes under the contract above mentioned; . . ." This agreement then provides as follows:

"Now therefore, its is the order of this court that the period of time provided for in the above contract be and the same is hereby extended, subject to the approval of the State Comptroller, for a period of seven months, to and July 30th 1939.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT



Hon. Geo. H. Sheppard, Page 2

"It is the further order of this court that save for the extention in the time, as above set out, for the filing of such tax suits and the carrying of same to final judgment, no further change or alteration is to be made in the original contract hereinabove referred to and the record to which reference is here made for all purposes."

Paragraph No. VIII of the original delinquent tax contract between said parties reads as follows:

"This contract shall be in force from May 17, 1937 to December 31, 1938, both dates inclusive, (not to extend beyond December 31 of the year following the date of this contract) and at the expiration of said period, this contract shall terminate, except the contractor shall be allowed six months in which to prosecute to final judgment suits filed prior to December 31, 1938, terminating date of this contract; provided, the Commissioners' Court and the State Comptroller shall have the right to sooner terminate this contract for cause by giving thirty (30) days' written notice of such intention, with a statement of the cause or reason for such termination, after giving Second Party a reasonable opportunity of explaining or rectifying the same. In case of such termination, Second Party shall be entitled to receive and retain all compensation due up to the date of said termination."

Under the original contract, the only authority left in the contracting attorney after December 31, 1938, was to prosecute to final judgment suits filed prior to that date. The term "terminating date of this contract" is merely descriptive of the immediately preceding words "December 31, 1938." Had the words "December 31, 1938" appearing at that point in the contract been eliminated therefrom so that Mr. Gilliam would have been allowed six months in which to prosecute to final judgment suits filed prior to the terminating date of the contract, and had such terminating date then been extended to July 30, 1939, the position would be more plausible that he should thereafter have six months in which to complete suits filed prior to July 30, 1939. The recitations in the extension agreement disclose a need of more



Hon. Geo. H. Sheppard, Page 3

time in which to collect and institute suits but make no mention of the need of additional time to complete pending suits. It is our opinion that under the extension contract Mr. Gilliam acquired no right after July 30, 1939, to complete suits filed prior to that date. If it is desired that he shall perform that service, another agreement should be entered into to that effect based upon a new waiver by the present county attorney.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Glenn R. Lewis_
Glenn R. Lewis
Assistant

APPROVED JUL 19, 1939
GRL:N

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY T.D.R
CHAIRMAN